## SMITH vs. BROWNSON.

WESTERN DIS.
September,1841.

SMITH
vs.
BROWNSON.

19L 313
49 1335

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where a judgment, which is enjoined already, bears interest at ten per cent. per annum, no further interest can be allowed on a dissolution of the injunction.

Interest on the dissolution of an injunction may be increased to ten per cent.; but whatever else, that may be allowed against the plaintiff and his surety in injunction, should be given as damages.

This suit is in the nature of an action of nullity and injunction, to render a certain judgment, made definitive against the present plaintiff, null; and in the meantime to enjoin all proceedings under it. The plaintiff shows, that he purchased a certain tract of land at sheriff's sale, against which there existed a judicial mortgage, and that the defendant, to whom the judgment and judicial mortgage has been transferred, has sued out an order of seizure and sale, and is proceeding to sell the property. He alleges, that said judgment is null and void, and that the order of seizure and sale, issuing in virtue of the mortgage purporting to result from it, issued improperly. Wherefore he prays for an injunction to stop the seizure, and that the said judgment be annulled and cancelled with damages.

To this petition the defendant avers, he voluntarily appears and answers; denying generally all the allegations in the petition; expressly averring, said judgment was obtained fairly and honestly, and that it has acquired the force and effect of *res judicata*. There are many other matters and things set out in detail and at great length in the answer, which concludes with a prayer, that the plaintiff's demand be rejected; that the injunction be dissolved with damages, interest and costs on the amount enjoined; and that the order of seizure and sale be allowed to proceed as if no injunction had been obtained.

One of the grounds of nullity of the judgment enjoined, relied on, was the improper practices of the defendant and his counsel in taking away certain important papers, which had

been produced in evidence on the trial, and filed. The plaintiff alleges, he lost his remedy by an appeal in consequence of this illegal conduct.

There was a mass of testimony offered on the trial; and the whole case, on the evidence, explanations of counsel, and a charge from the court, was submitted to a jury, who returned a verdict in favor of the defendant, that the injunction be dissolved with ten per cent. interest, and five per cent. damages. From judgment confirming this verdict, and dissolving the injunction as having been wrongfully obtained, with ten per cent. interest on $1962 83, from the 5th April, 1839, when the injunction was obtained, until its dissolution ; and five per cent. damages on the same sum ; and that the order of seizure proceed, as if no injunction had issued : the plaintiff appealed.

*Dwight*, for the plaintiff and appellant, *insisted*, that the injunction should be maintained, as it was shown, one of the judicial mortgages, on which the judgment enjoined had been obtained, was in fact never legally recorded, and did not import a mortgage ; and also for the improper practices of the defendant's counsel, in taking away papers, and preventing his appeal.

2. Ten per cent. interest and damages were improperly allowed on the dissolution of the injunction. The judgment must therefore be reversed.

*Maskell*, contra.

*Garland, J.* delivered the opinion of the court.

From the allegations in the petition in this case, it would appear, the object of the petitioner is to obtain the nullity of a judgment, which the defendant had previously obtained against him, for alleged ill practices on the part of the counsel of defendant in the trial of the case, and the illegal acts of the judge during the trial ; but when we look to the conclusion, we find no prayer for annulling the judgment, but only for an injunction and damages. The answer as well as the petition is of

great length, and puts at issue the various allegations, and among other matters alleges, that the most material matters and things, upon which the injunction was claimed, existed previous to the suit of defendant against plaintiff, and were at issue in that case, or should have been pleaded in it; and as the plaintiff failed to set them up, it is not a ground for injunction; he also puts in the plea of *res judicata*. The defendant further says, if there is any thing else not covered by his former pleas, the plaintiff might have been relieved by an appeal in the suit of Brownson vs. Smith, which he has never prosecuted.

It appears, that the suit of defendant against plaintiff, was for the purpose of enforcing two judicial mortgages, which affected a tract of land purchased by the latter, who was a purchaser in good faith, without notice. On the trial of the cause, the plaintiff (now defendant) offered in evidence what purported to be a copy of one of the judgments, and a certificate of its being recorded. The defendant's (now plaintiff's) counsel objected to the introduction of this document in evidence, on the ground, that the allegation in the petition was, that the judgment allowed interest on $521, from a certain date, and the copy produced said $571. The record book from the recorder's office was then brought into court, which showed the judgment had been originally recorded as for $571; the original judgment was then referred to, and it was found to be $521, as set forth in the petition. The clerk of the recorder of mortgages, who had inscribed the judgment, being then in court with the record book, stated, that it was a clerical error committed by himself, in using the word *seventy* for *twenty*, the former word being used in another part of the judgment; whereupon the counsel for plaintiff (now defendant) moved the court to permit the clerk to correct the error in the book and copy, so as to make them conform to the original judgment, which the judge permitted, and then received the document in evidence. This alteration took place in open court in the presence of the judge and parties, the counsel for the defendant

(now plaintiff.) objecting and saying, he would take a bill of exceptions, which it was agreed he should write out and present to the judge for his signature, before he left the judicial district, in which he was then presiding. The trial proceeded, and the judgment now enjoined was rendered. As soon as the trial was over and judgment rendered, the counsel for plaintiff (now defendant) took into possession the copy of the judgment offered in evidence, and some other documents, on which they relied in the trial, and kept them, alleging they had not been *filed,* and they were entitled to them, in consequence of which the plaintiff now alleges, his counsel could not draw up the bill of exception he intended to take. It does not appear, at what time the counsel for plaintiff applied to the opposing counsel for the documents, so as to draw his bill of exception, but it appears, he did not submit his bill to them until some months after, when the judge had left the district; the counsel for the present defendant then declined consenting to its being signed, saying their consent did not extend so far, and the counsel for the present plaintiff insisting, that it ought to be signed, as he had been prevented from making it out by their detention of the papers; the consequence was, no exception was taken or appeal asked for, so far as the record shows—and the plaintiff (now defendant) proceeded to execute his judgment, when this injunction was issued.

It is not necessary to go into a further examination of the difference of opinion between the counsel as to the right to take papers into possession, and we dismiss it with the remark, that as a general rule documents used in evidence ought not to be withdrawn, without the consent of the opposing counsel or the court, although the word *filed,* may not be endorsed on them.

If the conduct of the judge was illegal in permitting the alteration of the record book, and the copy produced as evidence, which we do not decide on, we are satisfied it was nothing more than a legal error, without the slightest improper motive on his part. The alteration being made by permission

of the court, and in presence of all the parties, shows there was no such fraud or ill practices on the part of the party or his counsel as would annull the judgment according to article 607 of the Code of Practice. Had the defendant, in the judgment enjoined, taken an appeal, and brought his case before us in such a manner as to have had the question examined by us, or have enabled us to have had the whole matter brought up, a serious question might have arisen, whether the judgment which was altered, was properly recorded previous to that alteration, so as to have effect against third persons ; but as he has not done so, we do not think there is sufficient ground to maintain the injunction.

The counsel for the plaintiff says, that he could not have brought up an appeal in the case of Brownson vs. Smith in such a way, as to have presented the questions at issue, in consequence of the counsel for Brownson withdrawing the documents offered in evidence. We think he could. If the papers were improperly or illegally withheld, he had only to move for a rule on the counsel to show cause, why they should not file them in court, and it would have been ordered, if necessary. If that mode had not been effectual, we could, if the case had been brought before us, and we were convinced, that injustice had been done, have remanded the cause for a new trial.

The counsel for plaintiff contends, the judgment of the inferior court must be reversed, as the judgment dissolving the injunction allows ten per cent. interest per annum on the whole amount of the judgment, enjoined from the day of issuing to its dissolution, whereas the judgment already bore ten per cent. interest per annum. We have already said in several cases during this term, that where a judgment enjoined bears interest at ten per cent. per annum, we will not increase it ; but whatever else may be allowed against the plaintiff and his surety, should be given as damages. Vide McCarty vs. McCarty, ante 300. Where judgments do not bear ten per cent. per annum interest, then perhaps the interest may be increased to that rate, if dissolved, from the date the injunction issued, until payment.

Where a judgment which is enjoined already, bears interest at ten per cent. per annum, no further interest can be allowed on a dissolution of the injunction. Interest on the dissolution of an injunction may be increased to 10 per cent.; but whatever else that may be allowed against the plaintiff and his surety in injunction, should be given as damages.

WESTERN DIS.    The judgment of the District Court is therefore annulled,
September,1841. avoided and reversed so far as it condemns John Smith, the
PLICQUE &   plaintiff, and Daniel P. Sparks, his surety, to pay interest at
  LEBEAU
   vs.      the rate of ten per cent. per annum on the sum of nineteen
PERRÉT ET AL. hundred and sixty-two dollars, and eighty-three cents, from the
5th day of April, 1839, until the dissolution of the injunction,
and in all other respects affirmed—the plaintiff paying the costs
in the District Court; those of the appeal to be paid by the
defendant and appellee.